No. 2722

Second Circuit

———

ELECTRIC WATER STERILIZER & OZONE CO. v. KIDD

———

(April 10, 1930. Opinion and Decree.)

———

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for plaintiff, appellee.

Edward Barnett, of Shreveport, attorney for defendant, appellant.

DREW, J. Plaintiff conditionally agreed to sell to A. L. Joffe, of Dallas, Tex., one No. 3 electric water sterilizer, with cylinder, box fittings, etc., for a balance of $1,342.75. According to agreement, it was shipped to the order of plaintiff. Bill of lading and draft attached was sent to the Chase National Bank of New York. The said Joffe did not pay the draft, and the machinery described remained in the possession of the railroad company for several months. The machinery was shipped by an order bill of lading with notation to notify B. P. Kidd.

B. P. Kidd, an officer of the Electrified Water Company, Inc., wired to plaintiff asking to be advised where the draft was. Plaintiff having had no dealing with Electrified Water Company, Inc., or B. P. Kidd, referred them to A. L. Joffe, who had agreed with plaintiff to purchase the machinery.

There was considerable wiring and correspondence between Electrified Water Company, Inc., B. P. Kidd, A. L. Joffe, and plaintiff, but, as Joffe did not pay the draft, the machinery was never released by plaintiff. After several months had elapsed, the Electrified Water Company, Inc., and B. P. Kidd went into court and secured a judgment against the railroad company for the release of the property to them. Plaintiff was not a party to the suit, and had no knowledge of same.

Either before or after defendants had acquired possession of the machinery, they

executed notes and a chattel mortgage in payment of the machinery. The record shows that defendants knew a draft was attached to the bill of lading, and that the reason the machinery was not delivered was because the draft had not been paid. While the machinery was in the possession of the railroad company, and after Joffe had failed to pay the draft, plaintiff quoted the defendants a price on the machinery.

Plaintiff sued the defendants Electrified Water Company, Inc., and B. P. Kidd for the price of the machinery. In the original suit it only sued B. P. Kidd, and later, by supplemental petition, it set out that through error of its attorneys it omitted the Electrified Water Company, Inc., and set out the relation of B. P. Kidd to the Electrified Water Company, Inc., and asked for judgment in solido against both.

Defendants excepted to the supplemental petition, which exception was overruled, and it is not urged in this court. The defendants then filed an exception of no cause of action in connection with an answer. The exception of no cause of action was overruled by the lower court, and it has not been urged here by argument or brief and we presume it is abandoned. It is nowhere pointed out what it is based on.

Defendants averred that they purchased the machinery in question from the Electrified Water & Machine Company, of Dallas, Tex., and delivered cash and notes to it in full settlement, and that the Dallas concern was the sales-agent of the plaintiff.

There is no proof in the record that the Electrified Water & Machine Company, of Dallas, Tex., or A. L. Joffe, had any connection with the plaintiff other than to agree to purchase the said machinery and pay for it before delivery, which they failed to do.

The plaintiff's attorney's have filed a short concise brief, which thoroughly covers the case, and we quote to a great extent from it.

Plaintiff was the owner of the machinery in question, and it has never been divested of title thereto. Defendant acquired possession of the property in bad faith, and this is a suit for the value of the property, $1,350.

Defendants show bad faith by their own exhibit, where they wrote the plaintiff, on March 18, 1925, and recognized the fact that plaintiff had shipped the machinery to its own order, with draft attached to bill of lading. After this, they attempted to purchase it from a third party. They did so at their own peril.

The purported sale of this machinery by the Electrified Water & Machine Company, Inc., of Dallas, Tex., to the defendants, was a nullity under the articles of the Civil Code of Louisiana, which provide that the sale of a thing belonging to another is void. Article 2452 of Revised Civil Code.

Counsel for defendants cite the case of Barber Asphalt Paving Co. vs. St. Louis Cypress Co., 121 La. 152, 46 So. 193, 196. The case before us is not similar. The cited case refers to a conditional sale, wherein a steam-shovel was sold for $1,200, payable one-fourth down and the balance in three different installments, and the

vendor attempted to keep the title in himself until all the price was paid. Such conditional sales are not allowed under the law of this state. In the case before us, there was no sale until the draft was paid, and it was never paid. There was no delivery. The sale was never consummated. There was no attempt to vest a conditional title, or to consummate a conditional sale. Plaintiff agreed to sell to Joffe the machinery, provided the entire purchase price was paid before delivery, and the price was not paid and the machinery was never delivered.

In Barber Asphalt Paving Co. vs. St. Louis Cypress Co., cited supra, the court said:

"The essentials of a sale are: A thing, the property "in which is transferred from the seller to the buyer; and a price in money paid or promised."

Neither of the two above conditions exists in this case.

Defendants attempted to purchase the property from a party who did not own it, and defendants knew that plaintiff did own it.

Plaintiff has been divested of its property by the acts of defendants, and is entitled to the value of said property. The lower court found for plaintiff in the amount sued for, and we think that judgment is correct.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.